## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **DISH NETWORK L.L.C.**<br>and **NAGRASTAR LLC**,<br><br>      Plaintiffs,<br><br>      v.<br><br>**BAILEY STREAMING TV, LLC,   and**<br>**JON ANTONI BAILEY, individually and**<br>**d/b/a BSTV and BAILEY IPTV**<br><br>      Defendants. | Case No. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs DISH Network L.L.C. ("DISH") and NagraStar LLC ("NagraStar" and, collectively with DISH, "Plaintiffs") bring this action against Defendants Bailey Streaming TV, LLC and Jon Antoni Bailey, individually and d/b/a BSTV, Bailey Streaming TV and Bailey IPTV (collectively, "Defendants"), and state as follows:

## PARTIES

1.     Plaintiff DISH Network L.L.C. is a Colorado limited liability company with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

2.     Plaintiff NagraStar LLC is a Colorado limited liability company with its principal place of business located at 90 Inverness Circle East, Englewood, Colorado 80112.

3.     Defendant Jon Antoni Bailey ("Bailey") is an individual who resides in the district and may be served at 207 E. Harwood Rd., Unit 26, Euless, TX 76039 or 1700 Baird Farm Cir., Apt. 1108, Arlington, TX 76006.

4.      Defendant Bailey Streaming TV, LLC is a Texas limited liability company with its principal place of business located at 207 E. Harwood Rd., Unit 26, Euless, TX 76039.

5.      Upon information and belief, Bailey is the manager and controlling member of Bailey Streaming TV, LLC and controlling operator of the d/b/a Defendants Bailey IPTV and BSTV.  Upon information and belief, Bailey oversees the day-to-day operations and makes the final decisions concerning the business of Bailey Streaming TV, LLC and the d/b/a Defendants Bailey IPTV and BSTV.  Bailey is believed to authorize, control, participate in, and receive direct financial benefits from the infringing activities of Bailey Streaming TV, LLC the d/b/a Defendants Bailey IPTV and BSTV as alleged herein.  Upon information and belief, the infringing acts that Bailey engaged in as an agent of Bailey Streaming TV, LLC and the d/b/a Defendants Bailey IPTV and BSTV were within the scope of that agency.

## JURISDICTION AND VENUE

6.      Plaintiffs assert claims under 47 U.S.C. §§ 605(a) and 605(e)(4).  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7.      Defendants reside in and conduct business in the State of Texas, and therefore are subject to this Court's personal jurisdiction.

8.      Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district, § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this district, and § 1391(b)(3) because Defendants are subject to personal jurisdiction in this judicial district.

## NATURE OF THE ACTION

9.      Defendants created and operate an illicit streaming television service under various brand names including BaileyTV, Bailey IPTV, Bailey Streaming TV and BSTV

(collectively the "Bailey IPTV Service"). Defendants sell subscriptions to the Bailey IPTV Service, which includes numerous television channels that were received without authorization from DISH's satellite service and were subsequently retransmitted without authorization on the Bailey IPTV Service. Defendants are believed to engage in or work in concert or participation with other persons that are receiving DISH's channels and for retransmission on the Bailey IPTV Service without authorization.

10.     Defendants have a history of trafficking in similar piracy IPTV services that rebroadcast DISH content without authorization. Prior to selling device codes for the Bailey IPTV Service, Defendants trafficked in device codes for a pirate service known as SetTV. Like the Bailey IPTV Service, SetTV provided unauthorized access to DISH channels along with other unlicensed content. The SetTV Service was shut down last year by a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction issued in a separate action in the Middle District of Florida. *See DISH Network L.L.C., et al. v. Nelson Johnson*, *et al*., Case No. 8:18-cv-1332-VMC-AAS (the "SetTV Litigation"), SetTV Litigation Dkts. 15, 63, and 84 (M.D. Fla.)

11.     Defendants' conduct of operating the Bailey IPTV Service and trafficking in device access codes for that service along with the SetTV service violate the Federal Communications Act ("FCA"), 47 U.S.C. §§ 605(a) and 605(e)(4).

## DISH'S SATELLITE TELEVISION PROGRAMMING

12.     DISH is the fourth largest pay-television provider in the United States and delivers programming to millions of subscribers nationwide via a direct broadcast satellite system.

13.     DISH uses high-powered satellites to broadcast, among other things, movies,

sports, and general entertainment services to consumers who have been authorized to receive such services after paying a subscription fee, or in the case of a pay-per-view movie or event, the purchase price.

14.     DISH contracts for and purchases rights for the programming that is distributed on its platform from network affiliates, motion picture distributors, pay and specialty broadcasters, cable networks, sports leagues, and other holders of programming rights.  The DISH programming includes, among hundreds of others, the Cooking, Showtime East, Starz East, TruTV, HBO East and Cinemax East channels (collectively, the "DISH  Programming").

15.     NagraStar provides smart cards and other proprietary security technologies that form a conditional access system used to authorize receipt of DISH's satellite programming.

16.     DISH Programming is scrambled prior to being transmitted to a number of satellites located in geo-synchronous orbit above Earth.  The satellites relay the encrypted DISH signal back to Earth where it can be received by DISH subscribers that have the necessary equipment, including a DISH receiver and NagraStar smart card.  The receiver and smart card convert DISH's encrypted satellite signal into viewable programming that can be displayed on the attached television of an authorized DISH subscriber.

## DEFENDANTS' WRONGFUL CONDUCT

17.     Defendants have engaged in improper acts and practices for the purpose of obtaining DISH Programming and distributing it to Defendants' Bailey IPTV Service subscribers, in violation of the FCA, 47 U.S.C. §§ 605(a) and 605(e)(4).

18.     Defendants advertise and sell device codes for the Bailey IPTV Service through various online forums, domains, and social media websites.  Defendants advertise that the Bailey IPTV Service includes the best premium content, over 521 channels including HD, and

thousands of additional On Demand entertainment options – all for $30/month which includes 3 devices per household.  (*See, e.g.,* www.baileyiptv.com, last visited on May 23, 2019.)

19.     The DISH Programming is transmitted on Defendants' Bailey IPTV Service without authorization from DISH.  The DISH Programming was received from DISH's satellite television service without authorization from DISH.  The DISH Programming was distributed to the Bailey IPTV Service subscribers for Defendants' benefit and the benefit of those subscribers who were not entitled to receive the DISH Programming.  During testing of the Bailey IPTV Service, encoded messages transmitted as part of DISH's satellite feeds were observed on the DISH Programming retransmitted on the Bailey IPTV Service, confirming that the DISH Programming originated from a DISH satellite signal.

20.     Defendants advertise and sell subscriptions to the Bailey IPTV Service through various online forums, websites, and social media outlets.  After receiving the initial payment for the Bailey IPTV Service, Defendants provide the end user with instructions and device codes that can be used to add the Service to various streaming devices.  At this point, the end user can receive unauthorized programming using the Bailey IPTV Service, including the DISH Programming.  Upon information and belief, Defendants have sold thousands of device codes for the Bailey IPTV Service.

21.     Defendants operate an instructional YouTube channel for the Bailey IPTV Service located at https://www.youtube.com/channel/UCT-d_cNsWjUkEpVTOa7ycZg. Defendants' YouTube channel contains four videos with instructions on how to install the Bailey IPTV Service on an "Android tv box," "firestick," and how to install the Bailey IPTV Service "app on an android device."

22.     Through the YouTube videos Defendants provide instructions to their end users on how to remove security restrictions on the streaming devices, download the Bailey IPTV Service on those devices, input the Bailey IPTV Service device codes, and thereafter receive unlicensed programming, including the DISH Programming.     (*See*, *e.g.*, https://www.youtube.com/watch?v=MnFPs83HPc4&t=620s, last visited May 8, 2019.)







23.     Upon information and belief, Defendants directly engage in, aid and abet, or are acting in concert or participation and/or within the scope of a principal-agent relationship with other persons that are receiving and retransmitting the DISH Programming on the Bailey IPTV Service.

24.     Defendants also trafficked in device access codes for the SetTV Service in violation of the FCA, 47 U.S.C. §§ 605(a) and 605(e)(4).  In one month alone, Defendants sold at least 250 device access codes to the SetTV Service. The District Court in the SetTV Litigation found that trafficking in device codes for that service constituted violations of the FCA.  (SetTV Litigation, Dkts. 15, 63, 83-84.)

25.     In an effort to avoid formal litigation, DISH contact Defendant Bailey on May 1, 2019 regarding his infringing conduct, and demanded that he immediately cease.  Baily refused, and to this day continues to operate the Bailey IPTV Service and traffic in illicit device codes for that service.

26.     Defendants' wrongful conduct has caused irreparable harm to Plaintiffs for which there is no adequate remedy at law.  Defendants' acts have resulted in providing an unknown

number of Defendants' subscribers with access to the DISH Programming, resulting in an unknown amount of revenues being diverted from Plaintiffs and an unknown amount of profits being received by Defendants.  In addition to lost revenue and Defendants' profits, Defendants' actions cause harm to Plaintiffs in the form of loss of reputation and goodwill.

## CLAIMS FOR RELIEF

### COUNT I

**Violation of the Federal Communications Act, 47 U.S.C. § 605(a) – By DISH**

27.     DISH repeats and incorporate the allegations in paragraphs 1-26 above.

28.     Defendants or persons acting in concert or participation with them received DISH's transmissions of the DISH Programming and retransmitted those communications or the content therein without authorization from DISH and for the benefit of Defendants and their subscribers, in violation of 47 U.S.C. § 605(a).

29.     Defendants' sale and distribution of subscriptions and device codes to the Bailey IPTV Service, and previously to the SetTV Service, assist end users to receive DISH's transmissions of the DISH Programming or the content therein, without having authorization from DISH and for the benefit of the Bailey IPTV and SetTV Service end users, in violation of 47 U.S.C. § 605(a).

30.     Defendants have been violating 47 U.S.C. § 605(a) willfully and for purposes of commercial advantage and private financial gain.

31.     Defendants knew or should have known their actions were illegal and prohibited. Such violations have caused damage to DISH in an amount to be proven at trial.  Unless restrained and enjoined by the Court, Defendants will continue to violate 47 U.S.C. § 605(a).

## COUNT II

### Violation of the Federal Communications Act, 47 U.S.C. § 605(e)(4) – By All Plaintiffs

32.     Plaintiffs repeat and incorporate the allegations in paragraphs 1-26 above.

33.     Defendants sell and distribute device codes and related software and support used for accessing the Bailey IPTV and SetTV Services in violation of 47 U.S.C. § 605(e)(4). Defendants intend for these device codes and related software and support to be used in receiving the DISH Programming or its content, without having authorization from DISH and for the benefit of the Bailey IPTV and SetTV Service end users, which is activity that violates 47 U.S.C. § 605(a).  Upon information and belief Defendants, have sold thousands of device codes to the Bailey IPTV Service, and at least 250 device codes in just one month to the SetTV Service.

34.     Defendants violated 47 U.S.C. § 605(e)(4) willfully and for purposes of commercial advantage and private financial gain.

35.     Defendants knew or should have known their actions were illegal and prohibited. Such violations have caused damage to Plaintiffs in an amount to be proven at trial.  Unless restrained and enjoined by the Court, Defendants will continue to violate 47 U.S.C. § 605(e)(4).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A.     For a grant of permanent injunctive relief under 47 U.S.C. § 605(e)(3)(B)(i) restraining and enjoining Defendants, and any agent, servant, employee, attorney, or other person acting in active concert or participation with any of the foregoing that receives actual notice of the order, from:

1.     receiving or assisting others in receiving DISH's satellite transmissions or

the television programming contained therein without authorization, including transmitting DISH Programming or its content over the Internet or by other means, or distributing DISH Programming or its content to persons not authorized by DISH to receive or view that programming or channel; and

    2.  manufacturing, assembling, modifying, importing, exporting, selling, or distributing subscriptions or passcodes to the Service, streaming devices, or any other device or equipment that is intended for receiving or assisting in receiving DISH's satellite transmissions, DISH Programming, or its content without authorization;

    B.  For an order authorizing Plaintiffs to take possession of and destroy all subscriptions and passcodes to the Services, as well as all streaming devices, technologies, tools, software, products, components, or parts thereof in the custody or control of Defendants that the Court has reasonable cause to believe were involved in Defendants' violations of the FCA, pursuant to 47 U.S.C. § 605(e)(3)(B)(i);

    C.  For an order requiring removal of Defendants' advertisements and social media pages concerning the Bailey IPTV Service, and an order requiring transfer of Defendants' websites concerning the Bailey IPTV Service to Plaintiffs;

    D.  For an order directing Defendants to preserve and turn over to Plaintiffs all hard copy and electronic records concerning subscriptions or passcodes to the Bailey IPTV Service and SetTV Service, or any similar product, including manufacturers, exporters, importers, dealers, or purchasers of such products, or any persons involved in receiving DISH's satellite transmissions or the programming contained therein without authorization;

    E.  Award DISH the greater of its actual damages together with any profits made by Defendants that are attributable to the violations alleged herein, or statutory damages in the

amount of up to $10,000 for each violation of 47 U.S.C. § 605(a), under 47 U.S.C. § 605(e)(3)(C)(i), and to increase that amount by up to $100,000 for each violation, in accordance with 47 U.S.C. § 605(e)(3)(C)(ii);

F.      Award Plaintiffs the greater of their actual damages together with any profits made by Defendants that are attributable to the violations alleged herein, or statutory damages in the amount of up to $100,000 for each violation of 47 U.S.C. § 605(e)(4), under 47 U.S.C. § 605(e)(3)(C)(i);

G.      Award Plaintiffs their costs, attorney's fees, and investigative expenses under 47 U.S.C. § 605(e)(3)(B)(iii);

H.      For a full and accurate accounting of all profits and other benefits received by Defendants as a result of the wrongful conduct described herein;

I.      For pre and post-judgment interest on all monetary relief, from the earliest date permitted by law at the maximum rate permitted by law; and

J.      For such additional relief as the Court deems just and equitable.

Dated:  May 24, 2019                          **STECKLER GRESHAM COCHRAN PLLC**

                                              By: /s/ Dean Gresham

                                              Dean Gresham
                                              Texas Bar No. 24027215
                                              12720 Hillcrest Rd. Suite 1045
                                              Dallas, Texas 75230
                                              Telephone:  (972) 387-4040
                                              Facsimile:  (972) 387-4041
                                              dean@stecklerlaw.com

11

**HAGAN NOLL & BOYLE, LLC**

Chad M. Hagan
Texas Bar #24036700
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone:  (713) 343-0478
Facsimile:  (713) 758-0146
Chad.Hagan@hnbllc.com

**Attorneys for Plaintiffs DISH Network L.L.C. and NagraStar LLC**